_____

No. 96-1048
_____

United States of America,        *
                                  *
          Appellee,               *
                                  *
     v.                           *    Appeal from the United States
                                  *    District Court for the
Rene Gamboa-Jimenez, also known   *    Eastern District of Missouri.
as Henry Valles-Rodriguez,        *         [UNPUBLISHED]
                                  *
          Appellant.              *

                        _____

          Submitted:  August 7, 1996

            Filed:  August 16, 1996
                        _____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
                        _____

PER CURIAM.

     Rene Gamboa-Jimenez (Gamboa) challenges the 16-month sentence imposed by the district court[1] upon his guilty plea to unlawfully entering the United States after having been deported, in violation of 8 U.S.C. § 1326.  We affirm.

     At sentencing, Gamboa requested that the district court depart downward under U.S.S.G. § 5K2.11, p.s. (Lesser Harms).  He asserted he had reentered the country for treatment of a serious injury, perceiving that his inability to obtain adequate medical treatment in his native country was a greater harm than that engendered by unlawfully reentering this country.  The district court rejected his request, instead offering to recommend to the Bureau of Prisons that Gamboa be placed in a medical facility.  Responding to a suggestion in the presentence report, the court noted several

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

arrest warrants were pending against Gamboa, but declined to depart upward under U.S.S.G. § 4A1.3 (Adequacy of Criminal History Category).

Gamboa now argues that, because the district court believed it could depart upward under section 4A1.3, the court apparently believed it was precluded from departing downward under section 5K2.11. We may review the district court's refusal to depart only if it "is premised on the belief that the court lacked the authority to [depart]." United States v. Jenkins, 78 F.3d 1283, 1290 (8th Cir. 1996). Having carefully reviewed the sentencing transcript, we conclude the court was aware of its authority to depart under section 5K2.11 and exercised its discretion not to do so, and thus we may not further review the district court's decision.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.